UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALAN MAURICE CHILDRESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00017-MTS |
| UNKNOWN CONLEY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Alan Maurice Childress's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. For the reasons set forth below, the Court will deny the Application and give Plaintiff forty-five (45) days to file a renewed Application that complies with the requirements of 28 U.S.C. § 1915(a)(2).

Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis ("IFP"). To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prison Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy

of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). A "certified copy" is one that has been certified by an authorized prison official to be true and correct. *Williams v. City of St. Louis*, 4:23-cv-00917-MTS, 2023 WL 6381436, at *1 (E.D. Mo. Sept. 29, 2023).

If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the $405 fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id.* Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (explaining the PLRA "requires all inmates to pay filing fees"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff is an inmate at the Pemiscot County Jail. Doc. [1]. In support of his Application, he has submitted a document titled "Spending History," which appears to reflect his transaction activity at the jail. Doc. [2]. Although Plaintiff himself signed the document, it is not certified by an authorized prison official. Further, the account statement does not reflect the entire six-month period immediately preceding the filing of the complaint. For these reasons, the Court will deny Plaintiff's Application and give him forty-five (45) days to file a renewed Application that complies with the requirements of 28 U.S.C. § 1915(a)(2). If Plaintiff has not been incarcerated for the entire six-month

2

period immediately preceding the filing of this action, he must provide a certified account statement reflecting all transaction activity from the start of his current incarceration through the filing of this action.

The Court is confident that jail officials will provide Plaintiff with the necessary certified copy. For Plaintiff's benefit, the Court will instruct the Clerk of Court to send three copies of this Memorandum and Order to Plaintiff so that he may provide copies to the appropriate jail officials to assist him in obtaining a certified copy of his account statement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is given through **Friday**, **March 14, 2025**, to file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs, along with a certified copy of his inmate account statement. *See* 28 U.S.C. § 1915(a)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs" form (MOED-0046).

**IT IS FINALLY ORDERED** that the Clerk of Court shall send Plaintiff three (3) copies of this Memorandum and Order so that Plaintiff may provide copies to the appropriate jail officials to assist him in obtaining a certified copy of his account statement in compliance with federal law.

Plaintiff's failure to comply with this Memorandum and Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 28th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE